UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA MOTORS, INC.,<br><br>        Defendant. | Case No. 23-cv-00067-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 59 |

    For the reasons stated below, the Court, with one exception, denies Tesla Motors, Inc.'s motion to dismiss George Jarvis Austin's third amended complaint.[1]

    1. Tesla hasn't convinced the Court that Austin's claim under 42 U.S.C. § 1981 lacks merit. Austin alleges that while working at Tesla's factory in Fremont, CA, he was subjected to "racist name calling," dkt. 51 at 24, and heard the "N-word" used "loosely and on a regular basis," *id.* at 41. Racially charged verbal abuse in the workplace is actionable under § 1981. *See Diaz v. Tesla, Inc.*, 598 F. Supp. 3d 809, 816–17, 826–28 (N.D. Cal. 2022).

---

[1] Austin voluntarily amended his complaint three times. *See* Dkts. 27, 49, 51. Tesla didn't oppose those amendments, so the Court will treat them "as if [they] had been filed with the written agreement of the parties." *Hunter v. Sotera Def. Sols., Inc.*, No. CV-11-292-RMP, 2012 WL 262555, at *6 n.3 (E.D. Wash. Jan. 30, 2012) (citing Fed. R. Civ. P. 15(a)(2)).

The fact that Austin was a contractor, not a Tesla employee, doesn't sink his § 1981 claim. Austin alleges that Tesla managed his assignments and working hours and instituted safety procedures that he was required to follow. *See* TAC, Dkt. 51 at 25. Similar allegations were held to be sufficient to satisfy § 1981's "contractual relationship" requirement in *Diaz*, based on an implied employment-contract theory. *See Diaz*, 598 F. Supp. 3d at 828–30. Tesla's motion to dismiss Austin's § 1981 claim is denied.

2. Austin alleges that after he was injured on the job, he repeatedly asked Tesla for a copy of his personnel records but never received them. Austin plausibly had a right to those records and may bring an action for injunctive relief to obtain them. *See* Cal. Labor Code § 1198.5(a) ("Every current and former employee . . . has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."); *id.* § 1198.5(*l*) (providing for injunctive relief "to obtain compliance with this section"); *Zaman v. Kelly Servs., Inc.*, No. 15-CV-04601-HRL, 2017 WL 106322, at *2–4 (N.D. Cal. Jan. 11, 2017) (explaining that the right to pursue injunctive relief isn't eliminated by subsection (n) of section 1198.5, which provides that certain rights of the employee cease during the pendency of a lawsuit related to personnel matters).

Austin's section 1198.5 claim isn't clearly time-barred. Although Austin first asked Tesla to provide him with a copy of his personnel records in November 2019, *see* dkt. 51 at 40, 49, 55, 63, more than three years before he filed his complaint, he proceeded to ask Tesla again and again for his personnel records in the years that followed. *See, e.g.*, *id.* at 37 (alleging that he requested his personnel records "over 50 times"); *id.* at 47 (alleging that he made "multiple requests for [his] personnel file"). Tesla hasn't established that those later requests, and Tesla's continued denial of them, are barred by the statute of limitations.

3. Tesla hasn't convinced the Court that Austin's common law tort claims are untimely. The tort claims, as best the Court can tell,[2] are based on Tesla's failure to provide Austin with his personnel records. *See, e.g.*, Dkt. 51 at 49 (alleging that Tesla didn't fulfill its duty to provide Austin with his personnel records and "acted grossly negligent and with negligence per se as it continues to maliciously violate current law"). Because that failure is "still occurring in 2023," *id.* at 51, Austin may proceed with his claims under a continuing violation theory. *See Brandt v. Ocwen Loan Servicing, LLC*, No. 17-CV-00643-DAD-EPG, 2017 WL 5878581, at *8 (E.D. Cal. Nov. 29, 2017) ("Defenses based upon the statute of limitations can also be 'overcome by the continuing violations doctrine.'" (quoting *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 343 (2009))).

4. The Court agrees with Tesla that Austin's fraud claim isn't well pleaded. Austin hasn't identified a misrepresentation that Tesla made to him and on which he relied to his detriment. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (identifying elements of fraud). Nor has he stated "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Tesla's motion to dismiss is granted, with leave to amend, as to Austin's fraud claim.

5. The Court construes Austin's complaint as also raising claims for disability discrimination, retaliation, and breach of the duty of good faith and fair dealing. *See, e.g.*, Dkt. 51 at 47–48 (disability discrimination); *id.* at 46, 58, 61–63 (retaliation); *id.* at 27 (good faith and fair dealing). Tesla hasn't moved to dismiss these claims, so the Court won't consider them here.[3]

---

[2] Austin's pro se complaint is hard to follow, but "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (simplified).

[3] The Court doesn't construe Austin's complaint as raising an insurance "bad faith" claim. *See Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002) ("[B]ad faith by an insurer is subject to tort remedies . . . ."). The Court won't address Tesla's argument that Austin hasn't adequately pleaded facts supporting such a claim. *See* Mot., Dkt. 59 at 10.

6. Austin sued Tesla on another occasion, as Tesla notes in its motion. See Mot., Dkt. 59 at 4–5. That lawsuit, for wage theft or retaliation under the Fair Labor Standards Act, was unsuccessful. *See Austin v. Tesla, Inc.*, No. 21-15151, 2022 WL 2315210, at *1 (9th Cir. June 28, 2022) (affirming judgment for Tesla). Tesla, however, hasn't argued that, under the doctrines of res judicata or collateral estoppel, the prior lawsuit bars the claims Austin is pursuing now. Austin's prior lawsuit thus doesn't affect the Court's rulings on Tesla's motion to dismiss.

\* \* \*

Tesla's motion to dismiss Austin's fraud claim is granted. With that exception, Tesla's motion to dismiss is denied. The Court will give Austin leave to amend his fraud claim. If Austin chooses to amend that claim, he must do so in an amended complaint, to be filed by July 18, 2023. Austin may not add any new claims to his complaint.

**IT IS SO ORDERED.**

Dated: June 27, 2023

_____
Alex G. Tse
United States Magistrate Judge