1  TIMOTHY T. KIM (SBN 314365)
2  **TESLA, INC.**
   31353 Huntwood Avenue
3  Hayward, California 94544
   Telephone:    510 • 737 • 1281
4  timkim@tesla.com

5  *Attorney for Defendant*,
   TESLA, INC.
6

7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>     Plaintiff,<br><br>  v.<br><br>TESLA MOTORS, INC. (TESLA, OR TSLA as publicly Traded), et al.,<br><br>     Defendants. | Case No. 3:23-cv-00067-AGT<br><br>*Assigned to the Hon. Alex G. Tse; Courtroom A*<br><br>**DEFENDANT TESLA, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION**<br><br>Date:         November 15, 2024<br>Time          10:00 AM<br>Location:   San Francisco Courthouse<br>                   450 Golden Gate Avenue<br>                   15th Floor, Courtroom A<br>                   San Francisco, CA 94102<br><br>Complaint Filed:              January 6, 2023<br>Trial Date:                        None Set |

1

Case No. 3:23-cv-00067-AGT

DEFENDANT TESLA, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION

1   Defendant Tesla, Inc. ("Tesla") hereby submits its Reply to Plaintiff's Opposition to Tesla's
2   Motion for Summary Judgment to make the following additional points.

3         **1.**    **Plaintiff Concedes that his Claims are Barred by Res Judicata.**  In his Opposition, Plaintiff failed to address Tesla's argument that each of Plaintiff's claims (aside from his claim for personnel files under Labor Code § 1198.5) are barred by *res judicata*.  Accordingly, Plaintiff has altogether conceded that these claims are barred and the Court must grant summary adjudication with respect to these claims.

      **2.**    **Plaintiff Concedes that He is Not Entitled to Punitive Damages.**  Plaintiff also failed to address Tesla's argument that he is not entitled to punitive damages.  Accordingly, Plaintiff has altogether conceded that these punitive damages are not appropriate here and the Court must grant summary adjudication with respect to Plaintiff's claim for punitive damages.

      **3.**    **Plaintiff's Opposition is Unsupported by Any *Admissible* Evidence.**  In order to survive summary judgment, Plaintiff cannot rely on mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial.  *Rodman v. Otsuka America Pharmaceutical, Inc.*, 564 F.Supp.3d 879 (N.D. Cal. May 18, 2020) ("As the non-moving party with the burden of proof, [the plaintiff] must set forth by affidavit or other admissible evidence, specific facts demonstrating the existence of an actual issue for trial … [the plaintiff] may not merely state that [he] will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support [his] claim."); *Richardson v. CBS Studios Inc.*, No. CV 12-7925 ABC (SHX), 2013 WL 12120265, at *7 (C.D. Cal. Sept. 25, 2013) ("[s]ummary judgment is warranted because Plaintiffs, the non-moving parties, have failed to produce enough evidence to create a genuine issue" and cannot wait until trial to present that evidence); *Codding v. Pearson Educ., Inc.*, No. 18-CV-00817-LB, 2019 WL 5864579, at *10 (N.D. Cal. Nov. 8, 2019) (granting summary judgement after rejecting argument that plaintiff "has no obligation to offer affirmative evidence on [ ] issue until trial").

That is, if Plaintiff does not respond to Tesla's motion with affirmative evidence or specific facts, summary judgment, if otherwise appropriate, should be entered against him. *Chapman v. Rudd Paint & Varnish Co.*, 409 F.2d 635 (1969) ("When a motion for summary judgment is made and

supported as provided in Rule 56, an adverse party may not rest upon the mere allegations or denials of his pleading. As stated in Rule 56(e), his response by affidavits or otherwise must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if otherwise appropriate, shall be entered against him.") Furthermore, the evidence presented must be "significantly probative" of the disputed fact to prevent summary judgment. *Neely v. St. Paul Fire and Marine Ins. Co.*, 584 F.2d 341 (1978).

      Here, Plaintiff has failed to submit *any* evidence opposing Tesla's Motion aside from his own self-serving allegations and conclusory assertions that are inadmissible as evidence. Consequently, Plaintiff has failed to properly address Tesla's Motion with admissible evidence and essentially concedes that there is no genuine issue for trial. Notably, Plaintiff failed to establish (1) the existence of a joint employer relationship between him and Tesla; (2) the existence of a contractual relationship between him and Tesla; (3) the existence of a duty that Tesla owed to Plaintiff beyond the ordinary duty of care; (5) that Tesla breached that duty; (6) that Plaintiff served a timely and cognizable request for records under Labor Code § 1198.5 that Tesla failed to respond to; (7) that Tesla's proffered reason for his contract termination was pretext; and (8) that he was subjected to severe or pervasive harassing conduct on the basis of his race.

      For the foregoing reasons, Tesla respectfully requests that the Court grant its Motion for Summary Judgment and/or Adjudication.

DATED: October 17, 2024        **TESLA, INC.**

        By:  */s/ Timothy T. Kim*
            Timothy T. Kim
            Attorney for Defendant
            TESLA, INC.