UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA MOTORS, INC.,<br><br>    Defendant. | Case No. 23-cv-00067-AGT<br><br>**ORDER DENYING RELIEF AND ON SEALING**<br><br>Re: Dkt. Nos. 292, 293, 294, 295, 296, 298 |

The Court granted summary judgment to defendant Tesla Motors, Inc. (Tesla). Dkt. 289. Plaintiff George Jarvis Austin then filed various responses and motions. See dkts. 292, 293, 294, 295, 296, & 298. Finding these matters appropriate for resolution without oral argument, *see* Civil L.R. 7-1(b), the Court now denies Austin's requests for relief and vacates all hearings.

### I. Dkts. 292–94

Austin moves to disqualify the undersigned, to reassign this case, and for the undersigned's recusal from this case. Dkt. 292–94.[1] Austin does not provide any statutory or legal basis for his motions to disqualify, reassign, or for recusal. The motions can be denied on this basis.

---

[1] Austin filed a motion to disqualify, dkt. 292, a motion to reassign or for recusal, dkt. 293, and a motion for a mistrial. Dkt. 294. The text of the documents filed at dkts. 292, 293, and 294 is materially identical.

In light of Austin's pro se status, the undersigned will review the merits of the motions. Motions to disqualify or recuse a judge fall under two statutory provisions: 28 U.S.C. § 144 and 28 U.S.C. § 455.

Section 144 requires that a moving party file an affidavit showing "the facts and the reasons for the belief that bias or prejudice exists" "not less than ten days before the beginning of the term at which the proceeding is to be heard." *See* 28 U.S.C. § 144. If a judge finds a § 144 motion timely and the affidavits legally sufficient, that judge must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). When the affidavit is not legally sufficient, however, the judge to whom the motion is directed may determine the matter. *See Sibla*, 624 F.2d at 868 (holding that a judge challenged under § 144 properly heard and denied motion where the affidavit was legally insufficient).

Section 455 has no such procedural requirements but provides that, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1).

"The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1) . . . ." *Sibla*, 624 F.2d at 867. Under both statutes, recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal citation omitted). Motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, [or] opinions formed . . . ." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008);

*see also Sibla*, 624 F.2d at 868 (holding that an affidavit is not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").

Austin did not file any affidavit with his motions, *see* dkts. 292–294, and this case was filed in 2023, so his motions are procedurally improper and arguably untimely under § 144. The undersigned may therefore determine the matter.

Applying the substantive test, the undersigned finds that Austin has also not shown legally sufficient grounds to warrant disqualification. The basis for Austin's motions appears to be a ruling adverse to him. *See, e.g.*, dkt. 292 at 2–3 ("The woefully incompetent Order purposefully addresses none of these new, never before plead facts, for which Res Judicata not only does not apply, nor should not have even been referenced . . . Because Tse, Magistrate, completely ignores facts and law Mr. Austin moves for 1. Disqualification . . . ."). However, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

In light of the above, disqualification, recusal, and reassignment are denied.[2]

## II. Dkts. 295–296

Austin moves for the appointment of an expert witness pursuant to Federal Rule of Evidence 706 and for the undersigned to "undergo mental fitness evaluation." Dkt. 295–296.[3]

---

[2] As noted, dkts. 292, 293, and 294 are materially identical. None argue for a mistrial. Dkt. 294 was filed as a motion for a declaration of a mistrial. To the extent that dkt. 294 can be construed as a motion for a mistrial, this motion is denied. There was no trial held in this action.

[3] Dkt. 295 was filed as a motion to appoint an expert. Dkt. 296 was filed as a motion to compel evaluation of the undersigned. The text of the documents is materially identical.

Austin provides no statutory or legal basis for his request for a mental fitness evaluation. The request is therefore denied.

Rule 706 allows a court to appoint an expert at its discretion. *See* Fed. R. Evid. 706(a) ("the court may order"); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) ("Rule 706 allows the court at its discretion to procure the assistance of an expert of its own choosing."). The Court declines to exercise its discretion to appoint an expert here. The request is denied.

### III.   Dkt. 298

Austin filed, under seal, a motion to file under seal any deposition or psychological test for the undersigned. Dkt. 298. Given that the request for such an evaluation is denied, see above, this request to file under seal is denied as moot. The Court now orders dkt. 298 unsealed. *See* Civil L.R. 79-5(g)(2) ("When the Court denies a motion to seal, it will . . . order any other disposition it deems proper.").

This order terminates dkts. 292, 293, 294, 295, 296, & 298.

**IT IS SO ORDERED.**

Dated: August 15, 2025

Alex G. Tse
United States Magistrate Judge

4