UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN, <br>         Plaintiff, <br> v. <br> TESLA MOTORS, INC., <br>         Defendant. | Case No. 23-cv-00067-AGT <br><br> **ORDER DENYING RELIEF** <br> Re: Dkt. Nos. 303, 304 |

Plaintiff George Jarvis Austin moves for a new trial, for correction of the Court's judgment and dispositive order, and for a new judge. *See* dkts. 303 & 304.[1] Defendant Tesla Motors, Inc. (Tesla) did not oppose;[2] Austin did not file any replies. The Court finds the motions suitable for disposition without a hearing, *see* Civil L.R. 7-1(b), and now denies all relief.

As an initial matter, Austin noticed these motions improperly. He set hearings before the Executive Committee and another judge in the Northern District of California (the

---

[1] Dkts. 303 and 304 (and their attachments) are materially identical. Austin filed dkt. 303 as a motion to alter judgment and set a hearing for October 9, 2025, originally before another judge. Austin filed dkt. 304 as a motion to alter judgment and set a hearing for October 10, 2025, before the Executive Committee. For ease of reference, the undersigned will cite in this order to the Electronic Case Filing (ECF) numbers at the top of each page of dkt. 303, only.

[2] Courts in this District deny Rule 59 and 60 motions even when unopposed if the moving party has not shown grounds for relief. *See, e.g., Joe Hand Promotions, Inc. v. Munoz*, No. 13-CV-05926, 2015 WL 351378 (N.D. Cal. Jan. 23, 2015) (denying unopposed Rule 59(e) motion); *Bunyard v. Knowles*, No. 03-CV-1280, 2007 WL 2156067 (N.D. Cal. July 26, 2007) (denying unopposed Rule 60(b) motion).

District) without authorization. The motions will be denied. *See* Civil L.R. 7-1(b) ("Motions must be directed to the Judge to whom the action is assigned, except as that Judge may otherwise order."). Specifically, Austin's request to have any matter in this action set for hearing before the Court's Executive Committee is denied. Nor will the undersigned refer any matter to another judge on the Court.

Austin previously filed motions for a mistrial, dkt. 294, and for the undersigned's recusal or disqualification. Dkts. 292–293. The Court previously denied those motions, dkt. 301, and there is no basis in law or fact to revisit this prior order.

Austin additionally moves under Federal Rules of Civil Procedure 59 and 60 to correct the Court's order and final judgment. *See* dkt. 303 at 2. Austin does not specifically invoke any grounds for relief under Rules 59 or 60. Given that there was no trial in this action, Austin is not entitled to a new trial. The Court construes his request as a motion to alter or amend a judgment pursuant to Rule 59(e). Because Austin argues that the Court erred, *see* dkt. 303 at 2, the Court additionally construes his motion as a Rule 60(b)(1) motion. *See Kemp v. United States,* 596 U.S. 528, 539 (2022) (holding that "mistake" as used in Rule 60(b) encompasses judicial legal errors).

First, a Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) (cleaned up). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (cleaned up and emphasis omitted). District courts have "considerable discretion" in deciding Rule 59(e) motions. *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011).

Next, Rule 60(b)(1) allows a court to grant relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Like relief under Rule 59(e), relief under Rule 60(b) is "extraordinary" and applies "only upon an adequate showing of exceptional circumstances." *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989). Rule 60(b) is also left to the discretion of the trial court. *Carter v. United States*, 973 F.2d 1479, 1489 (9th Cir. 1992).

Austin appears to be arguing that the undersigned committed clear error under Rule 59(e) or a mistake under Rule 60(b)(1). He argues that his pleadings included new facts, never previously plead, and therefore the Court erred when it found his claims barred by res judicata and granted summary judgment. *See* dkt. 303 at 3 ("Mr. Austin Mr. Plead (sic) harms from 1.26.21 - 1.6.23 are all new, never before experienced, known about, *ongoing*, harms by TSLA . . . .").

This argument raised after summary judgment, however, is the same argument that Austin made in opposition to summary judgment. *See* dkt. 237 at 5 ("This case's claims are new harms from TSLA's 7 ongoing adverse acts, which begin on 1.26.21, after termination of previous unrelated case, to 1.6.23 (case filing date); These claims have never been litigated, nor had the opportunity to . . . . Res Judicata is inapplicable . . . .").

The Court thus previously considered his facts and arguments on summary judgment and rejected Austin's current argument. *See* dkt. 289 (order granting summary judgment) at 8 (finding that Austin's allegations of ongoing adverse actions were "in reality a prayer for relief from wrongs allegedly done by Tesla in connection with Austin's work there from 2019 to 2020"). Given that Rule 59(e) "'may not be used to relitigate old matters," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (cleaned up), Austin's Rule 59 motion

must be denied. *See Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020) (affirming a district court's denial of a Rule 59(e) motion, citing *Exxon*); *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) ("Mere doubts or disagreement about the wisdom of a prior decision [are] insufficient to warrant granting a Rule 59(e) motion.") (cleaned up).

Austin's Rule 60 motion must be denied on the same grounds. A Rule 60(b) motion does not allow parties to reargue issues previously decided by the court. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (finding that a denial of a Rule 60(b) motion was not an abuse of discretion where the plaintiffs "simply reargued their case"); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (cleaned up).

All relief is hereby denied. Austin is further admonished against filing additional and duplicative motions in this closed case. He is further advised that filings must be limited to documents permitted by the Federal Rules of Civil Procedure and the District's Local Rules. Filing of other documents, or continued excessive or duplicative filings, will result in termination of Austin's ECF filing privileges.

/ / /

/ / /

/ / /

/ / /

This order terminates dkts. 303 and 304.

**IT IS SO ORDERED.**

Dated: September 10, 2025

Alex G. Tse
United States Magistrate Judge